# UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA, Plaintiff,     Case No. CR 14-mj-70421 MAG-7

      v.

KONGPHET CHANTAVONG, Defendant.

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court on April 1, 2014, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  Defendant Chantavong was present, represented by his attorney Claire Leary.  The United States was represented by Assistant U.S. Attorneys Susan Badger and William Frentzen.  Chantavong is charged by criminal complaint with violating: 18 U.S.C. § 922(g)(1), felon in possession of a firearm; 21 U.S.C. §§ 846, conspiracy and possession with intent to distribute controlled substance; 18 U.S.C. § 924(c), possession of firearm in furtherance of drug trafficking; and 18 U.S.C. § 922(a)(1) and 2, dealing firearms without a license. The defendant is presumed innocent of the charges and is scheduled for preliminary hearing on April 8, 2014.

The detention hearing was held publicly.  Both parties were advised of their opportunity to call witnesses and present evidence.  Both parties were advised of their right to appeal this detention order to the District Court.

## Part I.  Presumptions Applicable

/  /  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

/ X/  There is probable cause based upon the criminal complaint to believe that the defendant has committed an offense

A.     X   for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR

B.     ___   under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.

This establishes a rebuttable presumption that no condition or combination of

conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

/ /  No presumption applies.

**PART II.  REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**

/X /  The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.

/ /  The defendant has come forward with evidence to rebut the applicable presumption[s] to wit:  .

Thus, the burden of proof shifts back to the United States.


**PART III.  PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)** N/A


**PART IV.  WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

/ X /  The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The Court adopts the facts set forth in the Pretrial Services (PTS) Report prepared March 31, 2014, supplemented by information presented at the hearing.  The Court agrees with the recommendation by PTS of detention, finding that the defendant poses a risk of non-appearance that may not reasonably be mitigated by release conditions.  The following factors establish the risk of non-appearance by more than a preponderance of the evidence: unstable residential history, lack of verifiable employment, lack of viable sureties, prior deportation order and outstanding warrant of removal from the United States.  As to danger to the community, the Court has concerns arising from defendant's criminal history and the weight of the evidence presented, but finds that those concerns could be addressed by a combination of strict release conditions.

///

Part V.  Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.


Dated:   April 1, 2014

NATHANAEL COUSINS
United States Magistrate Judge


AUSA ___, ATTY _____, PTS ____